DIEGO ORTIZ ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, PABLO JUAN Y TORO, JUDGE, Respondent. THE PEOPLE OF PUERTO RICO, Intervener.

No. 2015.   Argued June 17, 1953.—Decided June 25, 1953.

*César Andréu Ribas* and *Santos P. Amadeo,* for petitioners. Respondent judge appeared by brief. *José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for intervener.

PER CURIAM: The Prosecuting Attorney of the Superior Court of Puerto Rico, San Juan Part, filed the following information against the petitioners:

"The afore-mentioned defendants Diego Ortiz, Miguel Ángel Vázquez and José M. Padilla, about, on or within the period between 1952 and 1953 and within the Judicial District of the

Superior Court of Puerto Rico, San Juan Part, while acting as executive officers of the Insular Government, the former as Sergeant and the others as policemen of the Insular Police of Puerto Rico, in their capacity as detectives, in common agreement and with a common purpose, unlawfully, wilfully, maliciously and corruptly, demanded, agreed to receive and did receive money in legal tender of the United States of America as a bribe from Rafael Cáceres and Andrés López Salas with the understanding and knowledge that by accepting said bribe the defendants would not follow up, as they were bound to do, the violations of law committed by said Rafael Cáceres and Andrés López Salas, Manager and owner of the business 'Carolina Summer Resort,' where they operated, then and there, a place of prostitution."

On arraignment the defendants pleaded not guilty and demanded trial by jury. Thereafter the defendants moved for a bill of particulars requesting the following information:

"(a). Day, month and year in which defendants requested and demanded from the alleged aggrieved parties the amounts of money constituting the alleged bribe.

"(b). Place and hour at which the request and delivery of money took place."

The parties argued the latter motion at a hearing held for that purpose and on May 7, 1953, the lower court decided it in the following terms:

"After hearing and arguing the motion for a bill of particulars filed by the defendants, the court orders the prosecuting attorney to inform the defendants, through their counsel, within the term of five (5) days, the following:

(a). Within which of the municipalities of those comprised within the Judicial District of the Superior Court of Puerto Rico, San Juan Part, did the request and delivery of the sum or sums of money take place."

In compliance with this order the Prosecuting Attorney filed a writing informing the defendants "that the request and delivery of money in this case took place within the municipalities of San Juan and Carolina."

We issued a writ of certiorari to review the decision denying the particulars sought by the defendants and we granted 10 days to the respondent judge to show cause in writing why the challenged order should not be set aside and defendants be granted, in whole or in part, the request made in their motion.

The respondent judge appeared by brief as well as the People of Puerto Rico who as intervener also filed a brief in support of the challenged order.

We are not considering an attack by demurrer to the sufficiency of the information. Therefore, we shall assume that the latter complies with the statutory requirements. But it does not preclude us from deciding whether the defendants are entitled to the bill of particulars sought. *People* v. *Colón*, 52 P.R.R. 399. We have repeatedly said that a motion for a bill of particulars is addressed to the discretion of the court—*People* v. *Gerardino*, 37 P.R.R. 173— and that "The granting of a bill of particulars in a criminal case is not an absolute right of the defendant. It depends upon the sound discretion of the court before which the trial is to be had. There is no procedural provision whatever in our law which compels the court to order the prosecuting attorney to give the defendant a bill of particulars; but the court may, in the exercise of its discretion, enter such an order, since the power to do so does not depend upon an express statutory authority, but is comprised within the general power which courts possess to regulate trial procedure and due compliance with law. Since what is involved is a discretionary power of the court, the order may not be reversed unless the circumstances of the case show clearly that the court abused its discretion and that the lack of a bill of particulars prevented the defendant from preparing properly his defense." *People* v. *Ramírez*, 50 P.R.R. 224. See also, *People* v. *Berdecía*, 59 P.R.R. 317, and *People* v. *Berenguer*, 59 P.R.R. 79.

■ The defendants based their motion for a bill of particulars. on the ground that the period of time expressed in the information [about, on, or within the period between 1952 and 1953] [1] within which it is alleged that the defendants requested, agreed to receive and did receive money as a bribe, is so extensive that they are prevented from properly preparing their defense.

They alleged in this Court that the respondent judge erroneously exercised and abused his discretion in denying the bill of particulars. We agree with the petitioners.

The period of time in the information covering the date or dates on which it is alleged the offense was committed by the defendants is too vague and general and does not give defendants adequate and sufficient information to enable them to prepare their defense properly and meet the charges on the day of the trial without undue disadvantage.

The period of time between January 1952 and April 10, 1953, the date on which the information was filed, runs into some 15 months and a number of days. As stated by the prosecuting attorney at the hearing in the lower court, the information charges defendants with committing the crime of bribery on any day within that long period of time. It would be impossible for defendants to appear at the trial prepared to face facts which, for the first time, they will learn took place on X day or on X and X days, included within the period January 1952 to April 1953. The prosecuting attorney of the respondent court did not deny that the evidence in his possession revealed the particulars sought by the defendants. Had he made such a denial that would have been sufficient reason for denying the bill of particulars. *People* v. *Colón, supra.* On the other hand, we believe the

---

[1] This period of time covers from January 1952 until December 1953, according to the explanation given by the prosecuting attorney to the respondent judge. However, since the information was filed on April 10, 1953, we are inclined to believe that the prosecuting attorney did not intend to include, as possible dates on which the alleged bribe was accepted, any date subsequent to the filing of the information.

legal issues could be tried more fairly if the district attorney openly furnished the defendants at this time the information requested in the motion for a bill of particulars. *Cf. People v. Berenguer, supra.* That information, except for the hour, is necessary in order for the defendants to prepare their defense properly. See Annotations in 10 A.L.R. 982 and 5 A.L.R. 2d 444.

For the reasons stated the challenged order is set aside and another must be entered in its place, directing the prosecuting attorney of the Superior Court, San Juan Part, to furnish the defendants with the particulars requested by them, except for the hour on which the request and delivery of money took place.